1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    CARLOS RIOS,                              Civil No.    10-1064 MMA (PCL)
      CDCR# E-52249,
12                                              **ORDER:**
                                  Plaintiff,
13                                              **(1)  GRANTING PLAINTIFF'S**
                                                **MOTION TO PROCEED** *IN*
14                                              *FORMA PAUPERIS,* **IMPOSING**
                                                **INITIAL PARTIAL FILING FEE**
15                  vs.                         **AND GARNISHING BALANCE**
                                                **FROM PRISONER'S TRUST**
16                                              **ACCOUNT PURSUANT**
                                                **TO 28 U.S.C. § 1915(a)**
17    MATTHEW CATE, et al.                      **[Doc. No. 2]; and**
18
                                                **(2) DISMISSING CIVIL ACTION**
19                                              **FOR FAILING TO STATE A CLAIM**
                                                **PURSUANT TO  28 U.S.C.**
20                                Defendants.   **§§ 1915(e)(2)(B) & 1915A(b)**

21

22

23           Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional

24    Facility located in San Diego, California, and proceeding pro se, has filed a civil rights

25    Complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff has filed a Motion to Proceed *In*

26    *Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

27    / / /

28    / / /

1    **I.      MOTION TO PROCEED IFP**

2           All parties instituting any civil action, suit or proceeding in a district court of the United

3    States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

4    U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

5    only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

6    *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP

7    remains obligated to pay the entire fee in installments, regardless of whether his action is

8    ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847

9    (9th Cir. 2002).

10          Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

11   prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

12   statement (or institutional equivalent) for the prisoner for the six-month period immediately

13   preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,

14   1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial

15   payment of 20% of (a) the average monthly deposits in the account for the past six months, or

16   (b) the average monthly balance in the account for the past six months, whichever is greater,

17   unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The

18   institution having custody of the prisoner must collect subsequent payments, assessed at 20%

19   of the preceding month's income, in any month in which the prisoner's account exceeds $10, and

20   forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C.

21   § 1915(b)(2).

22          The Court finds that Plaintiff has submitted a certified copy of his trust account statement

23   pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  *Andrews*, 398 F.3d at 1119.

24   Plaintiff's statement shows a current available balance of $34.02, an average monthly balance

25   of $104.82, and average monthly deposits totaling $107.87.  Based on this financial information,

26   the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses an initial partial

27   filing fee of $21.57  pursuant to 28 U.S.C. § 1915(b)(1).

28   / / /

1  However, the Secretary for the California Department of Corrections and Rehabilitation
2  ("CDCR") or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's*
3  *account are available at the time this Order is executed* pursuant to the directions set forth
4  below.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited
5  from bringing a civil action or appealing a civil action or criminal judgment for the reason that
6  the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*
7  *v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a
8  "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay
9  ... due to the lack of funds available to him when payment is ordered.").  The remaining balance
10  shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment
11  provisions set forth in 28 U.S.C. § 1915(b)(1).

12  **II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

13  The PLRA's amendments to 28 U.S.C. § 1915 also obligate the Court to review
14  complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated
15  or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for,
16  violations of criminal law or the terms or conditions of parole, probation, pretrial release, or
17  diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B)
18  and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil
19  action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail
20  to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C.
21  §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
22  (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

23  **A.    42 U.S.C. § 1983**

24  To state a claim under § 1983, Plaintiff must allege that:  (1) the conduct he complains
25  of was committed by a person acting under color of state law; and (2) that conduct violated a
26  right secured by the Constitution and laws of the United States.  *Humphries v. County of Los*
27  *Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).
28  / / /

**B.     Equal Protection**

Plaintiff claims that he has been discriminated against in violation of his constitutional rights by the recent implementation of a CDCR policy that does not allow pay raises for prisoners who do not have a high school diploma or general equivalency diploma ("GED").

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985).  In order to state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (listing suspect classes).  In this matter, Plaintiff has neither sufficiently plead that he is a member of a suspect class nor has he plead adequate  facts to demonstrate that Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

Thus, the Court finds that Plaintiff's allegations are insufficient to prove invidious discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977).  Plaintiff's Fourteenth Amendment equal protection claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

In addition, the Ninth Circuit has consistently held that prisoners do not have a constitutional right to prison employment. *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986); *Rizzo v. Dawson*, 778 F.3d 527, 531 (9th Cir. 1985).  Thus, if Plaintiff is attempting to allege a Fourteenth Amendment due process claim, such a claim would fail as he would be unable to establish a liberty interest in receiving a raise.

/ / /

/ / /

1    For these reasons, the Court finds that Plaintiff's Complaint fails to state a constitutional

2  claim upon which § 1983 relief can be granted, and thus, this action must be dismissed pursuant

3  to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213

4  F.3d at 446.

5  **III.    CONCLUSION AND ORDER**

6    Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

7    1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]

8  is **GRANTED**.

9    2.    The Secretary of the California Department of Corrections and Rehabilitation, or

10  his designee, is ordered to collect the $21.57 initial partial filing fee assessed by this Order

11  and forward that amount to the Clerk of Court, *if those funds are available at the time this*

12  *Order is executed.*    THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY

13  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

14    3.    The Secretary of the California Department of Corrections and Rehabilitation, or

15  his designee, is ordered to collect from Plaintiff's prison trust account the balance of the $350

16  filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account

17  in an amount equal to twenty percent (20%) of the preceding month's income credited to the

18  account and forward payments to the Clerk of the Court each time the amount in the account

19  exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL MONTHLY PAYMENTS

20  SHALL BE CLEARLY IDENTIFIED BY THAT NAME AND NUMBER ASSIGNED TO

21  THIS ACTION.

22    4.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

23  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

24  Sacramento, California 95814.

25  / / /

26  / / /

27  / / /

28  / / /

1    **IT IS FURTHER ORDERED** that:

2         5.    Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

3    upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

4    However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is

5    filed in which to file a First Amended Complaint which cures all the deficiencies of pleading

6    noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to his

7    previous pleading.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not re-

8    alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,

9    567 (9th Cir. 1987).

10        6.    The Clerk of Court is directed to mail a court approved § 1983 form to Plaintiff.

11   **IT IS SO ORDERED.**

12   DATED:  May 20, 2010

13
            Hon. Michael M. Anello
14          United States District Judge