# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RIOS,<br><br>                Plaintiff,<br>vs.<br><br>MATTHEW CATE, *et al.*,<br><br>                Defendants. | CASE NO. 10 CV 1064 MMA (PCL)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>[Doc. No. 19] |

On May 14, 2010, Plaintiff Carlos Rios, a state prisoner proceeding *pro se*, brought this action for alleged violations of his civil rights under 42 U.S.C. § 1983. Plaintiff filed a First Amended Complaint ("FAC") on June 2, 2010. [Doc. No. 5.] On July 27, 2010, Plaintiff filed a motion for a temporary restraining order ("TRO") and a preliminary injunction. [Doc. No. 19.] Plaintiff alleges Defendant[1] has unlawfully retaliated against him for filing a civil rights action by: (1) refusing to return Plaintiff's property taken during a visit to the emergency room on July 9, 2010; (2) firing Plaintiff from his job assignment on July 19, 2010; and (3) informing Plaintiff on July 22, 2010, he will likely be transferred to another detention facility. [*Id.* at p.3-4.] Plaintiff asserts Defendant's actions have caused him to suffer irreparable injury, and he will continue to

---

[1] Plaintiff does not identify the individual defendant(s) by name responsible for the alleged violations which purportedly warrant the requested TRO and preliminary injunction. In addition, several named persons in Plaintiff's TRO, including the Institutional Classification Committee, are not named defendants in the civil rights action. The Court may not "attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

1  suffer irreparable harm through the continued violation of his constitutional rights until the
2  retaliatory actions are remedied. [*Id.* at p.5.] Accordingly, through the pending motion, Plaintiff
3  seeks to have his property returned, to be reinstated to his prior work assignment, and to cancel the
4  Institutional Classification Committee's ("ICC") decision to transfer Plaintiff to another
5  institution. [*Id.* at p.1.] For the reasons set forth below, Plaintiff's motion is **DENIED**.

## LEGAL STANDARD

7  The standard for issuing a TRO is similar to the standard for issuing a preliminary
8  injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed
9  on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
10 the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*
11 *Natural Res. Def. Council, Inc. (NRDC)*, 129 S.Ct. 365, 374 (2008) (citing *Munaf v. Geren,* 128
12 S.Ct. 2207, 2218-19 (2008)). This is an "extraordinary remedy that may only be awarded upon a
13 clear showing that the plaintiff is entitled to such relief." *Id.* at 376. Moreover, Plaintiff must
14 show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that
15 irreparable injury is *likely* in the absence of an injunction." *Id.* at 375 (emphasis and citations
16 omitted).

## DISCUSSION

18 Plaintiff alleges Defendant retaliated against him on three occasions in July because he
19 filed a civil rights action. At the time Plaintiff brought his civil rights action in May, he was
20 incarcerated at the R.J. Donovan Correctional Facility in San Diego, California. Thus, because
21 each of the alleged retaliatory actions taken by Defendant occurred after Plaintiff initiated this
22 action, the exhaustion requirements of the Prisoner Litigation Reform Act ("PLRA") apply. In this
23 matter, Plaintiff cannot raise any claims that arose after May 14, 2010, as he could not have
24 exhausted these claims prior to bringing his lawsuit.
25 The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought
26 with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison
27 or other correctional facility until such administrative remedies as are available are exhausted." 42
28 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516 (2002); *McKinney v. Carey*, 311 F.3d 1198

(9th Cir. 2002). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," and "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001). Moreover, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), that "[proper exhaustion] means . . . a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

Here, because Plaintiff's motion for a TRO seeks to remedy alleged constitutional violations that occurred in July, after he initiated his civil rights action, he cannot demonstrate compliance with the exhaustion requirements of the PLRA. In addition, Plaintiff does not allege he exhausted his administrative remedies with respect to Defendant's failure to return Plaintiff's property taken during a visit to the emergency room; Defendant's decision to fire Plaintiff from his job assignment; and the ICC's decision to transfer Plaintiff to another facility. Although Plaintiff includes copies of two written, informal requests he made for the return of his belongings, these requests do not constitute exhaustion of his administrative remedies. [*See* Doc. No. 19, Exhs. B, C.] Similarly, Plaintiff's allegation that he filed a "CDC 602" with respect to the ICC's decision to transfer him, but did not receive a response, is insufficient to establish exhaustion. [*Id.* at p.4.] Finally, Plaintiff does not indicate he pursued any administrative remedy regarding his allegedly unlawful termination from his work assignment.

The first factor a court considers when determining whether to issue a TRO, is whether the plaintiff has demonstrated a likelihood of success on the merits. Where, as here, the party seeking a TRO does not demonstrate compliance with a prerequisite to pursuing an action in federal court (i.e. exhaustion of administrative remedies), he cannot establish a likelihood of success on the merits. Accordingly, Plaintiff's motion for a TRO and a preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 28, 2010

Hon. Michael M. Anello
United States District Judge