**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Carlos Rios,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Matthew Cate et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.　10cv1064 MMA (PCL)<br><br>**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. No. 18)** |

　　　　Plaintiff Carlos Rios is proceeding pro se with a First Amended Complaint pursuant to 42 U.S.C. § 1983 claiming violations under the American with Disabilities Act, the Equal Protection Clause, the Due Process Clause, the Eighth Amendment, and the Worker's Compensation Act. (Doc. 5, at 4-8.) Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint on the basis that Plaintiff failed to state a claim upon which relief can be granted. (Doc. 18.) Plaintiff filed two replies in opposition to Defendants' motion. (Docs. 23 and 28.) For the reasons stated below, Defendants' motion to dismiss should be GRANTED in part and DENIED in part.

///

///

///

///

# I. BACKGROUND

Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility (RJDCF), sued Defendants Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, George Neotti, Warden of RJDCF, Rex Gregory, prison administrator, Junior Togurao, prison superintendent, J. Cabrera, prison supervisor, J. Keema, prison supervisor, and one unnamed defendant. (Doc. 5, at 2-3.) He sued all defendants both in their individual and official capacities. (Id. at 3.) He challenges the Prison Industry Authority's implementation of a policy that restricts employment opportunities and pay raises to those inmates that have high school diplomas or general equivalency diplomas (GEDs). (Id. at 4.) Claiming that he has a mental disability that prevents him from getting a pay raise, Plaintiff argues that Defendants deliberately and recklessly disregarded his rights under the American with Disabilities Act. (Id. at 4-6.) Plaintiff states that he used the inmate grievance process with the prison to make a disability accommodation request and to complain about the unfair policy, but that Defendants' failure to process his grievances violated Plaintiff's Due Process, Equal Protection, and Eighth Amendment rights. (Id. at 6-7.) Plaintiff also claims that the policy requiring a GED is cruel and unusual punishment and inflicts mental distress and aggravates Plaintiff's mental illness. (Id. at 8.) Plaintiff requests injunctive relief, damages including a retroactive pay raise, and punitive damages from each defendant. (Id. at 10.)

Plaintiff claims to have properly exhausted all available administrative remedies with the prison. (Id. at 7.) Plaintiff's opposition to Defendants' Motion to Dismiss includes a letter from the Equal Employment Opportunity Commission (EEOC), which stated that because prison inmates "are not considered 'employees' as defined by the laws enforced by the EEOC" they would not consider Plaintiff's discrimination charge. (Doc. 28, at 8.)

# II. STANDARD OF REVIEW

FED. R. CIV. P. 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to dismiss, including for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6). Under 12(b)(6), a complaint may be dismissed for failure to state a cognizable legal

1 theory or for failure to state sufficient facts under a cognizable legal theory. See Navarro v. Block,
2 250 F.3d 729, 732 (9th Cir. 2001).

3      In reviewing the sufficiency of a complaint, the court must assume the truth of all factual
4 allegations and construe them in light most favorable to the nonmoving party. Thompson v. Davis,
5 295 F.3d 890, 895 (9th Cir. 2002). The court may consider the facts alleged in the complaint,
6 documents attached to the complaint, documents incorporated by reference in the complaint, and
7 matters of which the court takes judicial notice. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).
8 Additionally, the court may hypothesize facts, "consistent with the complaint, that would make out a
9 claim." Graehling v. Village of Lombard, Ill., 58 F.3d 295, 297 (7th Cir. 1995). However, legal
10 conclusions need not be taken as true merely because they are cast in the form of factual allegations.
11 Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). Furthermore, "[i]f the pleadings
12 establish facts compelling a decision one way, that is as good as if depositions and other expensively
13 obtained evidence on summary judgment establishes the identical facts." Weisbuch v. County of Los
14 Angeles, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

15 **III. DISCUSSION**

16 **1. Plaintiff Has Stated ADA claims against All Defendants in Their Official Capacities.**

17      Plaintiff alleges that Defendants have violated his rights under the American with
18 Disabilities Act (ADA) by denying him a pay raise for not having a GED, which he is unable to
19 obtain because he has a mental disability. (Doc. 5, at 4-6.) Defendants argue that Plaintiff's ADA
20 claims fall under Title I of the ADA and, as such, Plaintiff is required to file a timely charge of
21 discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 18-1, at 4.)
22 Defendants cite to the Ninth Circuit court case Zimmerman v. Oregon Dept. of Justice, 170 F.3d
23 1169 (9th Cir. 1999), which states that Title I of the ADA applies specifically to employment
24 situations. Id. at 1176-78. Plaintiff, however, cites to the United States Supreme Court case
25 Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998), which held that Title II of the
26 ADA applies to claims made by state prisoners. Id. at 209. Under Title II of the ADA, there is no
27 requirement to exhaust administrative remedies with the EEOC before exercising a private right of
28 action. Zimmerman, 170 F.3d at 1172.

At first glance, it is not clear whether Plaintiff's ADA claims should be analyzed under Title I or Title II of the ADA. Title I of the ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Title I applies to governmental employers such as state prisons. See Zimmerman, 170 F.3d at 1172. Title II of the ADA "prohibits a public entity from discriminating against a qualified individual with a disability, or excluding such an individual from participation in, or denying the individual the benefits of, any of the entity's services, programs, or activities." 42 U.S.C. § 12132. Title II of the ADA applies to inmate claims in state prisons when they concern the prison's services, programs, or activities. Yeskey, 524 U.S. at 209.

The Eastern District of California case of Bowen v. Trieber, 492 F. Supp. 2d 1206 (E.D. Cal. 2006), held that Title I and not Title II applies to inmate claims of employment discrimination within the prison system because only Title I applies to employment situations. Id. at 1214-15. However, while it is true that Title I and not Title II applies to employment situations, see Zimmerman, 170 F.3d at 1172-73, this Court believes that the district court in Bowen wrongly held that prison inmates working for the Prison Industry Authority are to be considered "employees" under the ADA. Plaintiff's opposition to Defendants' Motion to Dismiss includes a letter from the Equal Employment Opportunity Commission (EEOC), which stated that because prison inmates "are not considered 'employees' as defined by the laws enforced by the EEOC" they would not consider Plaintiff's discrimination charge. (Doc. 28, at 8.) This evidence shows that Plaintiff's ADA claim should not be analyzed under Title I of the ADA. Moreover, one of main purposes of the Prison Industry Authority according to the California Penal Code is "[t]o operate a work *program* for prisoners." CAL. PENAL CODE § 2801 (emphasis added). This evidence shows that Plaintiff's ADA claim regarding his job with the Prison Industry Authority, which by definition is a public entity given the authority to run prison programs, should be analyzed under Title II of the ADA. Thus, Plaintiff's ADA claims will be considered under Title II of the ADA, which does not have an exhaustion requirement with the EEOC.

To state a claim under Title II, a plaintiff must show (1) that he is a qualified individual with a disability, (2) who was denied the benefits of a program of a public entity, and (3) that such discrimination was the result of the individual's disability. Weinreich v. L.A. County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997). Also under Title II, a plaintiff cannot sue an individual defendant in his individual capacity but can request declaratory or injunctive relief against a state official in his official capacity. Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002).

Here, Plaintiff alleges that he was denied the opportunity for advancement into a preferential job classification and was denied a pay raise due to his lack of having and inability of obtaining a GED due to his mental disability. Plaintiff has sued all Defendants both in their individual and official capacities. The Court finds that Plaintiff has stated ADA claims against all Defendants in their official capacities but that his ADA claims against Defendants in their individual capacities should be dismissed. Plaintiff is also not entitled to damages for his ADA claims but he may be entitled to declaratory and injunctive relief. Thus, Defendants' Motion to Dismiss Plaintiff's ADA claims should be GRANTED in part and DENIED in part.

**2. Plaintiff Has Failed to State Equal Protection Claims against All Defendants.**

Plaintiff states that he used the inmate grievance process with the prison to make a disability accommodation request, but that Defendants' failure to process his grievances violated Plaintiff's Equal Protection rights. (Doc. 5, at 6-7.) Defendants argue that Plaintiff has failed to state an Equal Protection claim because he did not plead that he was treated differently than other similarly situated persons. (Doc. 18-1, at 5.)

To state a claim under the Equal Protection Clause for a member of a protected class, a plaintiff must demonstrate that (1) he is a member of a protected class and (2) that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). A mental disability is not a quasi-suspect classification. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 442 (1985). Although disabled persons do not constitute a protected class, the Equal Protection

Clause prohibits irrational and invidious discrimination against them. <u>Dare v. California</u>, 191 F.3d 1167, 1174 (9th Cir. 1999).

Here, Plaintiff as a disabled person is not a member of a protected class. Plaintiff may nonetheless establish a viable Equal Protection claim if he could show that he was intentionally treated differently from other similarly situated individuals and that there was no rational basis for the discriminatory treatment. However, Plaintiff fails to claim that he was treated differently from other inmates when he asserts that his right to Equal Protection was violated. Thus, Defendants' Motion to Dismiss Plaintiff's Equal Protection Claims should be GRANTED.

**3. Plaintiff Has Failed to State Due Process Claims against All Defendants.**

Plaintiff states that he used the inmate grievance process with the prison to make a disability accommodation request, but that Defendants' failure to process his grievances regarding the pay raise violated Plaintiff's Due Process rights. Defendants argue that Plaintiff's Due Process rights have not been violated. (Doc. 18-1, at 6.)

A prison grievance is a procedural right only; it does not confer any substantive right protected by the Due Process Clause. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003). A prison official's failure to process an inmate's grievance does not give rise to a protected liberty interest requiring the procedural protections of the Due Process Clause. <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir. 1996). Here, Plaintiff alleging that Defendants' violated his Due Process rights by failing to process his grievances is not actionable under § 1983. Accordingly, Defendants' Motion to Dismiss Plaintiff's Due Process claims against all Defendants should be GRANTED.

**4. Plaintiff Has Failed to State Eighth Amendment Claims Against All Defendants.**

Plaintiff states that he used the inmate grievance process with the prison to make a disability accommodation request, but that Defendants' failure to process his grievances violated Plaintiff's Eighth Amendment rights. (Doc. 5, at 6-7.) Plaintiff also claims that the policy requiring a GED is cruel and unusual punishment and inflicts mental distress and aggravates Plaintiff's mental illness. (<u>Id.</u> at 8.) Defendants argue that being denied a pay raise does not amount to cruel and unusual punishment under the Eighth Amendment. (Doc. 18-1, at 6.)

To state an Eighth Amendment claim, a plaintiff must set forth facts showing that the alleged deprivation was "'sufficiently serious'" enough to be considered "cruel and unusual punishment." Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "'[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" Somers v. Thurman, 109 F.3d 614, 623 (9th Cir. 1997) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal citations and quotations omitted)).

Here, being deprived of a pay raise is not sufficiently serious enough to amount to cruel and unusual punishment. As Plaintiff has failed to state an Eighth Amendment claim, Defendants' motion to dismiss Plaintiff's Eighth Amendment claims against all Defendants should be GRANTED.

**5. Plaintiff Has Failed to State Claims against All Defendants under Workers' Compensation Act.**

Plaintiff mentions in his First Amended Complaint that his rights under the Workers' Compensation Act have been violated. (Doc. 5, at 8.) However, Plaintiff never explains what part of the Act was violated or what set of facts support this allegation. As such, the Workers' Compensation claims against all Defendants should be dismissed and Defendants' motion should be GRANTED on this part.

### IV. CONCLUSION

For the reasons set forth above, the Court recommends the following: (1) the ADA claims against all Defendants in the individual capacities should be dismissed; (2) all Equal Protection claims should be dismissed; (3) all Due Process claims should be dismissed; (4) all Eighth Amendment claims should be dismissed; and (5) all Workers' Compensation Act claims should be dismissed.

This Report and Recommendation is submitted to United States District Judge Michael Anello, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California. Any written objections to this Report and

Recommendation must be filed with the Court and a copy served on all parties on or before **January 14, 2011.** The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before **January 21, 2011.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: December 30, 2010

Peter C. Lewis
U.S. Magistrate Judge
United States District Court