1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RIOS,<br><br>                                   Plaintiff,<br><br>          vs.<br><br><br>  MATTHEW CATE, et al.,<br><br>                                   Defendants. | CASE NO. 10 CV 1064 MMA (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><br>[Doc. No. 34]<br><br>**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 18] |

Plaintiff Carlos Rios, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to United States Magistrate Judge Peter C. Lewis pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. On July 27, 2010, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. [Doc. No. 18.]  On December 30, 2010, Judge Lewis filed a well-reasoned and thorough Report containing findings and conclusions, upon which he bases his recommendation that the Court grant in part and deny in part Defendants' motion to dismiss.  [Doc. No. 34.]  On January 21, 2011, Plaintiff filed Objections to the Report.  [Doc. No. 36.]   The same day, Defendants filed a reply to Plaintiff's objections.  [Doc. No. 37.]

/ / /

**PLAINTIFF'S OBJECTIONS**

1
2          Under 28 U.S.C. § 636(b)(1)(C), in reviewing the magistrate judge's report and
3    recommendation, the district court "shall make a *de novo* determination of those portions of the
4    report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the
5    findings or recommendations made by the magistrate judge."  Here, Plaintiff objects to the Report
6    on several grounds.  First, Plaintiff asserts Judge Lewis incorrectly concluded that Plaintiff cannot
7    seek damages in connection with his Americans with Disabilities Act ("ADA") claim, because the
8    alleged violations caused him personal injury and mental suffering.  [Doc. No. 36, p.5.]  After
9    reviewing the pertinent portion of the record and the Report *de novo*, the Court overrules
10   Plaintiff's objection and finds that Judge Lewis correctly recommended that Plaintiff's ADA claim
11   be limited to declaratory and injunctive relief against Defendants in their official capacities.

12          Plaintiff does not challenge the Magistrate Judge's conclusion that his purported ADA
13   claim arises under Title II of the Act, which limits civil rights actions against state officials.  The
14   Ninth Circuit has expressly held, "a plaintiff cannot bring an action under 42 U.S.C. § 1983
15   against a State official in [his or] her individual capacity to vindicate rights created by Title II of
16   the ADA or section 504 of the Rehabilitation Act."  *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th
17   Cir. 2002).  Plaintiff's ADA claim is therefore viable only to the extent his allegations are against
18   Defendants in their *official* capacities.  However, state officers "acting in their official capacity are
19   immune from suits for damages in federal court."  *Buckhannon Bd. & Care Home v. W. Va. Dep't*
20   *of Health & Human Res.*, 532 U.S. 598, 609 n.10 (2001) (superseded in part on unrelated ground)
21   (citation omitted); *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997); *Henry*
22   *v. County of Shasta*, 132 F.3d 512, 517 (9th Cir. 1997).  The cases Plaintiff relies on in his
23   objections are not on point and otherwise distinguishable, and they do not support Plaintiff's
24   position that he is entitled to recover damages from Defendants.  Because Plaintiff's ADA claim
25   seeks relief from state actors in their official capacities, Judge Lewis properly found Plaintiff's
26   potential remedies are limited to declaratory and injunctive relief.

27          Second, Plaintiff objects to the Magistrate Judge's finding that he failed to state an Equal
28   Protection Claim.  [Doc. No. 36, p.7-9.]  After reviewing the pertinent portion of the record and

1    the Report *de novo*, the Court overrules this objection and finds Judge Lewis correctly

2    recommended that Plaintiff's Equal Protection claim be dismissed.  Plaintiff's Equal Protection

3    claim is premised on Defendants' alleged failure to process Plaintiff's repeated grievances

4    challenging the requirement that inmates possess a high school diploma or General Educational

5    Development ("GED") to obtain certain promotions and pay increases.  [Doc. No. 5, p.4-6.]

6          "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show

7    that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon

8    membership in a protected class."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir.

9    2005) (citation and internal marks omitted).  Although mentally disabled individuals are not a

10   protected class, the Magistrate Judge correctly found that "the Equal Protection Clause prohibits

11   irrational and invidious discrimination against them."  [Doc. No. 34, p.6 (citing *Dare v. California*,

12   191 F.3d 1167, 1174 (9th Cir. 1999).]  Plaintiff's First Amended Complaint, however, does not

13   allege facts that indicate Defendants acted irrationally or invidiously in implementing the

14   educational requirements Plaintiff challenges.  "Mere indifference to the effects of a decision on a

15   particular class does not give rise to an equal protection claim . . . ."  *Thornton*, 425 F.3d at 1167

16   (citation omitted).  Accordingly, the Court finds Judge Lewis's recommendation that Plaintiff's

17   Equal Protection Claim be dismissed reflects a proper application of the law.

18         Third, Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to state a

19   viable Due Process claim.  [Doc. No. 36, p.9-10.]  Plaintiff's Due Process claim is also based on

20   Defendants' alleged failure to process his duplicative grievances regarding the GED policy.  [Doc.

21   No. 5, p.7.]  The Court has reviewed the relevant portion of the record and the Report *de novo*, and

22   overrules Plaintiff's objection.  Judge Lewis appropriately recommended Plaintiff's Due Process

23   claim be dismissed on the ground that Plaintiff does not possess a protected liberty interest in the

24   grievance procedures.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

25         Fourth, Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's Eighth

26   Amendment claim be dismissed because the alleged injuries Plaintiff suffered as a result of the

27   educational policy constitute cruel and unusual punishment.  [Doc. No. 36, p.11.]  The Court has

28   conducted a *de novo* review of the applicable portion of the record and the Report, and concludes

1   Judge Lewis correctly found Plaintiff failed to state an Eighth Amendment claim.  "[A]n inmate

2   seeking to prove an Eighth Amendment violation must objectively show that he was deprived of

3   something sufficiently serious, and make a subjective showing that the deprivation occurred with

4   deliberate indifference to the inmate's health or safety." *Thomas v. Ponder*, 611 F.3d 1144, 1150

5   (9th Cir. 2010) (internal marks and citation omitted).  The Court agrees with Judge Lewis's

6   finding that, Plaintiff's allegations regarding his inability to obtain a pay raise or GED within the

7   time permitted do not state an Eighth Amendment violation.  Even if Plaintiff suffered mental

8   distress as a result of his inability to obtain a pay increase, the harm is not sufficiently serious to

9   create a constitutional violation.  Nor does the record indicate Defendants were aware the policy

10  would pose a serious risk to Plaintiff's health or safety, and that they imposed the restriction with

11  deliberate indifference toward the potential risk to Plaintiff.  *See id.* at 1150-1151.  The Court

12  therefore agrees with the Magistrate Judge's recommendation that Plaintiff's Eighth Amendment

13  claim be dismissed.

14                                                 C<small>ONCLUSION</small>

15          Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of

16  this case.  Having carefully reviewed the entire file, the Court finds Judge Lewis's Report and

17  Recommendation to be supported by the record and based on a proper analysis.  Accordingly, the

18  Court **ADOPTS** the Report and Recommendation in its entirety and **GRANTS IN PART** and

19  **DENIES IN PART** Defendants' Motion to Dismiss.  All claims in Plaintiff's First Amended

20  Complaint, except his ADA claim against Defendants in their official capacities, are **DISMISSED**

21  **WITH PREJUDICE**.  In addition, Plaintiff is only entitled to seek declaratory and injunctive

22  relief in connection with his ADA claim; damages are not recoverable.

23          **IT IS SO ORDERED**.

24

25  DATED:  February 8, 2011

26                                                 Hon. Michael M. Anello
                                                   United States District Judge
27

28