UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carlos Rios,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Matthew Cate et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.　10cv1064 MMA (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT**<br><br>**(Doc. No. 64.)** |

　　　Plaintiff Carlos Rios is proceeding pro se with a Second Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 45-2.) Plaintiff filed a Motion for Judgment as a Matter of Law pursuant to FED. R. CIV. P. 50(a)(1)-(2) and argues that he should also be granted summary judgment under FED. R. CIV. P. 56. (Doc. 64.) Plaintiff submits his Motion on the basis that there exists no issue as to any material fact between the parties and no sufficient evidentiary basis exists for a reasonable jury to find for Defendants in his case. (Doc. 64, at 8-9.) For the reasons stated below, Plaintiff's Motion for Judgment under Rule 50(a) and Rule 56 is DENIED.

**I. BACKGROUND**

　　　Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility (RJDCF), sued Defendants Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, George Neotti, Warden of RJDCF, Rex Gregory, prison administrator, T. Togafau, prison superintendent, J. Cabrera, prison supervisor, and J. Keema, prison

supervisor. (Doc. 45-2, at 3-4.) He sued all Defendants both in their individual and official capacities. (Id. at 4.)

Plaintiff challenges the Prison Industry Authority's implementation of a policy that restricts employment opportunities and pay raises to those inmates that have general equivalency diplomas (GEDs). (Id. at 5.)  Plaintiff claims Defendants deliberately and recklessly disregarded his rights under the American with Disabilities Act (ADA) and the Rehabilitation Act (RA) by denying him a promotion and pay raise because his mental illness and learning disability prevent him from obtaining a GED. (Id. at 5-6.) Plaintiff alleges the policy requiring a GED was not adopted pursuant to the Administrative Procedures Act in violation of Due Process. (Id. at 7.) Plaintiff states he used the inmate grievance process with the prison to make a disability accommodation request and to complain about the unfair policy, but Defendants' failure to process his grievances violated his First Amendment right of access to the courts. (Id. at 7.) Plaintiff claims Defendants violated his Equal Protection rights by allowing other inmates without a GED to receive pay raises. (Id. at 8.) Plaintiff alleges that Defendants' denial of his rights is cruel and unusual punishment that has inflicted mental distress aggravating his mental illness. (Id. at 9.) Furthermore, Plaintiff accuses Defendants Gregory, Keema, and Togafau of retaliating against him for initiating the civil rights action by temporarily removing Plaintiff from his prison job and refusing to pay him for hours he spent in GED classes. (Id. at 10.) Plaintiff requests injunctive relief, damages including a retroactive pay raise, and punitive damages from each Defendant. (Id. at 12.)

Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint, seeking to dismiss all claims except the ADA and RA claims against Defendants in their official capacities and to limit recovery to declaratory and injunctive relief. (Doc. 59, at 7.) Subsequently, Plaintiff filed a Motion for Judgment as a Matter of Law. (Doc. 64.)

## II. STANDARD OF REVIEW

A party may submit a motion for judgment as a matter of law pursuant to FED. R. CIV. P. 50(a) after a jury trial has begun and the nonmoving party "'has been fully heard' on the issue prior to the court's ruling." McSheery v. City of Long Beach, 423 F.3d 1015, 1019 (9th Cir. 2005) (quoting FED. R. CIV. P. 50(a)).  A motion for judgment as a matter of law may be made at any time

1   before the submission of the case to the jury pursuant to Fed. R. Civ. P. 50(a)(2). Id. However, if a
2   jury trial has not yet begun, and the nonmoving party has not been fully heard on the issue, a motion
3   for judgment as a matter of law is premature and a court may not grant the motion. (Id. at 1020.)
4        In addition, a party may move for summary judgment pursuant to Fed. R. Civ. P. 56 only
5   after an answer has been filed. Peoples Bank v. Fed. Reserve Bank of S.F., 58 F. Supp. 25, 27-28
6   (1944). In the absence of a responsive pleading, a motion for summary judgment is premature. Id.

### III. DISCUSSION

**1. Plaintiff's Motion for Judgment as a Matter of Law is Premature.**

     Plaintiff argues he is entitled to judgment as a matter of law because a reasonable jury would not have a legally sufficient evidentiary basis to find for the Defendants on the issues set forth in Plaintiff's complaint. (Doc. 64, at 8-9.)

     However, Plaintiff has failed to meet the timing requirements set forth in Fed. R. Civ. P. 50(a). Plaintiff has submitted a motion for judgment as a matter of law while the matter is still in the pleading stages. No jury trial has begun, and Defendants have not yet been fully heard on the issues at trial. Therefore, the motion for judgment as a matter of law is premature and is DENIED.

**2. Plaintiff's Argument for Summary Judgment is Premature.**

     Additionally, Plaintiff alleges that he is entitled to summary judgment under Fed. R. Civ. P. 56 because there exists no dispute as to material facts in his case. (Doc. 64, at 12.)

     However, Plaintiff has filed this motion prematurely. The Defendants have not yet submitted a responsive pleading. Therefore, Plaintiff's motion for summary judgment is untimely and is DENIED.

### IV. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion for judgment.

**IT IS SO ORDERED.**

DATED: November 10, 2011

Peter C. Lewis
U.S. Magistrate Judge
United States District Court