1
2
3
4
5
6
7
8

9          **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   Carlos Rios,                                    Civil No.      10cv1064 MMA (PCL)

13                                  Plaintiff,
                                                     **ORDER DENYING PLAINTIFF'S**
14   v.                                              **MOTION FOR JUDGMENT**

15   Matthew Cate et al.,                            **(Doc. No. 64.)**

16                                  Defendants.

17          Plaintiff Carlos Rios is proceeding pro se with a Second Amended Complaint pursuant to 42

18   U.S.C. § 1983. (Doc. 45-2.) Plaintiff filed a Motion for Judgment as a Matter of Law pursuant to

19   FED. R. CIV. P. 50(a)(1)-(2) and argues that he should also be  granted summary judgment under

20   FED. R. CIV. P. 56. (Doc. 64.) Plaintiff submits his Motion on the basis that there exists no issue as to

21   any material fact between the parties and no sufficient evidentiary basis exists for a reasonable jury

22   to find for Defendants in his case. (Doc. 64, at 8-9.) For the reasons stated below, Plaintiff's Motion

23   for Judgment under Rule 50(a) and Rule 56 is DENIED.

24                                  **I. BACKGROUND**

25          Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional

26   Facility (RJDCF), sued Defendants Matthew Cate, Secretary of the California Department of

27   Corrections and Rehabilitation, George Neotti, Warden of RJDCF, Rex Gregory, prison

28   administrator, T. Togafau, prison superintendent, J. Cabrera, prison supervisor, and J. Keema, prison

                                          -1-                          10cv1064 MMA

1  supervisor. (Doc. 45-2, at 3-4.) He sued all Defendants both in their individual and official

2  capacities. (Id. at 4.)

3      Plaintiff challenges the Prison Industry Authority's implementation of a policy that restricts

4  employment opportunities and pay raises to those inmates that have general equivalency diplomas

5  (GEDs). (Id. at 5.)  Plaintiff claims Defendants deliberately and recklessly disregarded his rights

6  under the American with Disabilities Act (ADA) and the Rehabilitation Act (RA) by denying him a

7  promotion and pay raise because his mental illness and learning disability prevent him from

8  obtaining a GED. (Id. at 5-6.) Plaintiff alleges the policy requiring a GED was not adopted pursuant

9  to the Administrative Procedures Act in violation of Due Process. (Id. at 7.) Plaintiff states he used

10 the inmate grievance process with the prison to make a disability accommodation request and to

11 complain about the unfair policy, but Defendants' failure to process his grievances violated his First

12 Amendment right of access to the courts. (Id. at 7.) Plaintiff claims Defendants violated his Equal

13 Protection rights by allowing other inmates without a GED to receive pay raises. (Id. at 8.) Plaintiff

14 alleges that Defendants' denial of his rights is cruel and unusual punishment that has inflicted mental

15 distress aggravating his mental illness. (Id. at 9.) Furthermore, Plaintiff accuses Defendants Gregory,

16 Keema, and Togafau of retaliating against him for initiating the civil rights action by temporarily

17 removing Plaintiff from his prison job and refusing to pay him for hours he spent in GED classes.

18 (Id. at 10.) Plaintiff requests injunctive relief, damages including a retroactive pay raise, and

19 punitive damages from each Defendant. (Id. at 12.)

20     Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint, seeking to

21 dismiss all claims except the ADA and RA claims against Defendants in their official capacities and

22 to limit recovery to declaratory and injunctive relief. (Doc. 59, at 7.) Subsequently, Plaintiff filed a

23 Motion for Judgment as a Matter of Law. (Doc. 64.)

24                    **II. STANDARD OF REVIEW**

25     A party may submit a motion for judgment as a matter of law pursuant to FED. R. CIV. P.

26 50(a) after a jury trial has begun and the nonmoving party "'has been fully heard' on the issue prior

27 to the court's ruling." McSheery v. City of Long Beach, 423 F.3d 1015, 1019 (9th Cir. 2005)

28 (quoting FED. R. CIV. P. 50(a)).  A motion for judgment as a matter of law may be made at any time

1  before the submission of the case to the jury pursuant to Fed. R. Civ. P. 50(a)(2). <u>Id.</u> However, if a

2  jury trial has not yet begun, and the nonmoving party has not been fully heard on the issue, a motion

3  for judgment as a matter of law is premature and a court may not grant the motion. (<u>Id.</u> at 1020.)

4       In addition, a party may move for summary judgment pursuant to Fed. R. Civ. P. 56 only

5  after an answer has been filed. <u>Peoples Bank v. Fed. Reserve Bank of S.F.,</u> 58 F. Supp. 25, 27-28

6  (1944). In the absence of a responsive pleading, a motion for summary judgment is premature. <u>Id.</u>

7  **III. DISCUSSION**

8  **1. Plaintiff's Motion for Judgment as a Matter of Law is Premature.**

9       Plaintiff argues he is entitled to judgment as a matter of law because a reasonable jury would

10  not have a legally sufficient evidentiary basis to find for the Defendants on the issues set forth in

11  Plaintiff's complaint. (Doc. 64, at 8-9.)

12       However, Plaintiff has failed to meet the timing requirements set forth in Fed. R. Civ. P.

13  50(a). Plaintiff has submitted a motion for judgment as a matter of law while the matter is still in the

14  pleading stages. No jury trial has begun, and Defendants have not yet been fully heard on the issues

15  at trial. Therefore, the motion for judgment as a matter of law is premature and is DENIED.

16  **2. Plaintiff's Argument for Summary Judgment is Premature.**

17       Additionally, Plaintiff alleges that he is entitled to summary judgment under Fed. R. Civ. P.

18  56 because there exists no dispute as to material facts in his case. (Doc. 64, at 12.)

19       However, Plaintiff has filed this motion prematurely. The Defendants have not yet submitted

20  a responsive pleading. Therefore, Plaintiff's motion for summary judgment is untimely and is

21  DENIED.

22  **IV. CONCLUSION**

23       For the reasons set forth above, the Court DENIES Plaintiff's motion for judgment.

24       **IT IS SO ORDERED.**

25  DATED: November 10, 2011

26

27                        Peter C. Lewis
                       U.S. Magistrate Judge
                       United States District Court

28